Filed 4/25/16  Happy Nails & Spa of Fashion Valley v. Labor Commissioner of the State of California CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| HAPPY NAILS & SPA OF FASHION VALLEY et al., | D067391 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2009-00090193-CU-WM-CTL) |
| LABOR COMMISSIONER OF THE STATE OF CALIFORNIA | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed.

Law Office of Stuart Miller and Stuart Miller for Plaintiffs and Appellants.

The State of California, Division of Labor Standards Enforcement, Department of Industrial Relations, Deborah D. Graves, for Defendant and Respondent.

Regulators who, in good faith, attempt to fulfill their regulatory duties do not violate the due process rights of parties subject to their regulatory efforts, even when

those efforts are ultimately unsuccessful.  Here, there is nothing in the record which suggests the defendant regulator, the Labor Commissioner (the Commissioner) of the State of California, acted in bad faith in attempting to require plaintiff Happy Nails & Spa of Fashion Valley, L.P. (Happy Nails)[1] to classify its workers as employees rather than independent contractors.  Although the Commissioner was unsuccessful because we determined the classification issue had been previously determined in Happy Nails's favor in a collateral administrative proceeding, our finding did not suggest any bad faith on the Commissioner's behalf.  Accordingly, we affirm the trial court's order denying Happy Nails's motion for attorney fees based on Happy Nails's contention that, in pursuing its classification claim, the Commissioner violated its right to due process.  We also affirm the remaining portion of the trial court's order, which denied Happy Nails's request for injunctive relief.

FACTUAL AND PROCEDURAL BACKGROUND

1.  Happy Nails I

In our prior opinion in this case (*Happy Nails & Spa of Fashion Valley v. Su* (July 19, 2013, D060621) [nonpub. opn.] (*Happy Nails I*)), we set forth the initial factual and procedural background of the parties' dispute.  In pertinent part, we recapitulate that background here:

A.  *Happy Nails's Business*

Happy Nails of Fashion Valley and Happy Nails of Mira Mesa are limited

---

[1]     Unless otherwise indicated, all references to Happy Nails include plaintiffs and appellants Happy Nails & Spa of Mira Mesa, L.P. and The H&N Group Management Co.

2

partnerships that own salons in which cosmetologists provide manicures, pedicures, and face and skin treatments to clients.  H&N Group is the general partner of Happy Nails of Fashion Valley, Happy Nails of Mira Mesa, and other limited partnerships doing business under the Happy Nails name.  H&N Group also provides management services to incorporated salons doing business under the Happy Nails name.

In 2001, Happy Nails hired a consultant to help restructure its business operations in such a way that the cosmetologists would be independent contractors rather than employees.  By early 2003, Happy Nails implemented the changes recommended by the consultant at all of its salons.

B.  *The Proceedings Before the Employment Development Department and the Unemployment Insurance Appeals Board*

In 2004, the Employment Development Department (the Department), an entity within the Labor and Workforce Development Agency (Unemp. Ins. Code, § 301), issued assessments against H&N Group, Happy Nails of Fashion Valley, Happy Nails of Mira Mesa, and 35 other salons doing business under the Happy Nails name, for unpaid unemployment insurance contributions (*id.*, § 1126).  H&N Group and the salons petitioned the Department for reassessment.  At the direction of the administrative law judge assigned to hear the petitions, H&N Group selected one salon (located in Chino Hills) and the Department selected another (located in Irvine) for a combined hearing.  The parties later stipulated that the record from that hearing would be used to decide the reassessment petitions for the remaining 35 salons.

3

After a two-day hearing at which eight witnesses testified and more than 50 exhibits were admitted concerning business operations at the salons, the administrative law judge issued decisions granting the petitions for reassessment. Each decision states: "The issues in this case are whether the workers were employees of the petitioner and, if so, whether the petitioner is liable for unemployment, employment training, and disability contributions, personal income tax withholdings, penalties, and interest." After summarizing the facts regarding the conduct of business at the salons, the administrative law judge listed the factors relevant to determining whether a worker is an employee or an independent contractor, and then applied those factors to the facts. Specifically, the administrative law judge found the cosmetologists were not terminable at will, but could only be terminated for death, bankruptcy, or gross violation of the written contract with the salon; the salons exercised no control over the cosmetologists, who used their own skill and judgment in performing services; the cosmetologists provided, at their own expense, many of the materials and all of the equipment they used; the cosmetologists were engaged in a skilled occupation that required many hours of training for licensure; and the processing of payments for services was handled by an independent third party. Based on these findings, the administrative law judge concluded the cosmetologists were independent contractors rather than employees, and therefore H&N Group and the salons were not liable for the contributions assessed by the Department. The administrative law judge later issued similar decisions reaching the same conclusions as to the other 35 salons, including Happy Nails of Fashion Valley and Happy Nails of Mira Mesa.

4

The Department appealed the administrative law judge's decisions to the Unemployment Insurance Appeals Board (the Board). The Board affirmed the decisions in the cases involving the Chino Hills and Irvine salons on November 7, 2007, and affirmed the decisions regarding the other 35 salons on November 24, 2008. The Department did not seek judicial review of the Board's decisions.

C. *The Proceedings Before the Division of Labor Standards Enforcement*

In August 2008, the Commissioner, acting through the Division of Labor Standards Enforcement (the Division), an entity within the Department of Industrial Relations (Lab. Code, § 79), issued citations to and assessed civil penalties against Happy Nails for paying the cosmetologists who worked at Happy Nails of Fashion Valley and Happy Nails of Mira Mesa without giving them properly itemized wage statements (*id.*, §§ 226, subd. (a), 226.3, 226.4). Happy Nails contested the citations and requested a hearing. (*Id.*, § 226.5.) A combined hearing concerning the two salons was set for February 2009.

Before the hearing, Happy Nails submitted a brief with supporting exhibits in which it argued an evidentiary hearing was unnecessary because the prior decisions of the Department and the Board conclusively determined the cosmetologists working at Happy Nails of Fashion Valley and at Happy Nails of Mira Mesa were independent contractors and not employees. In the brief, Happy Nails complained that it had "already spent hundreds of thousands of dollars, and borne the burden of years of administrative proceedings, to determine that [its] [c]osmetologists are *not* employees." Based on the

5

Board's decision and principles of collateral estoppel, Happy Nails urged the hearing officer "to 'avoid chaos' and make a determination consistent with that of the [Board]: that Happy Nails [c]osmetologists are properly classified as independent contractors." The Division submitted an opposition brief in which it contended for various reasons that application of collateral estoppel was "inappropriate in this case." The record contains no ruling by the hearing officer on the collateral estoppel defense raised by Happy Nails.

The hearing officer conducted a one-day hearing at which 10 witnesses testified and 31 exhibits were admitted concerning business operations at the salons. The evidence presented by Happy Nails and the Division was substantially the same as that introduced by Happy Nails and the Department at the prior hearing before the administrative law judge. On March 30, 2009, the hearing officer issued findings and orders affirming the citations and civil penalties assessed by the Division. After summarizing the testimony of the witnesses and describing some of the exhibits, the hearing officer considered various factors relevant to determining whether a worker is an employee or an independent contractor, and concluded Happy Nails is subject to the civil penalties because the cosmetologists are employees, not independent contractors. The findings and orders did not mention the prior, contrary decisions of the Department or the Board.

D. *The Proceedings Before the Trial Court*

On May 20, 2009, Happy Nails filed the complaint against the Commissioner in which it challenged the Division's findings and orders. Happy Nails alleged that the

6

Board's decisions that the cosmetologists working at its salons are independent contractors rather than employees are binding on all state agencies, and that the Division's contrary findings and orders subject Happy Nails to inconsistent legal obligations. Happy Nails also alleged the findings and orders were unsupported by the evidence, were issued in excess of the Division's jurisdiction, were the result of an unfair hearing, and violated Happy Nails's federal and state constitutional due process rights. Based on these allegations, Happy Nails asserted several separately labeled "causes of action"; and in the prayer for relief, it requested a writ of administrative mandate to set aside the Division's findings and orders (Code Civ. Proc., § 1094.5), a permanent injunction against future prosecutions of H&N Group or the owners of Happy Nails salons based on the contention that the cosmetologists working at the salons are employees; and attorney fees for violations of its federal due process rights (42 U.S.C. §§ 1983, 1988).

The Commissioner answered Happy Nails's complaint. In the answer, the Commissioner denied that the Board's decisions have preclusive effect on other state agencies and that the Division's findings and orders were unsupported by the evidence, were issued in excess of the Division's jurisdiction, were the result of an unfair hearing, or violated Happy Nails's due process rights. The Commissioner requested that Happy Nails be denied all relief demanded in the complaint.

Happy Nails moved for summary judgment on the ground that the Board's determination that the cosmetologists working at its salons are independent contractors,

7

rather than employees, collaterally estopped the Division from issuing citations and assessing civil penalties for Happy Nails's failure to provide the cosmetologists with itemized wage statements. The Commissioner opposed the motion on the ground that collateral estoppel did not apply. The trial court denied the motion, stating that Happy Nails "ha[s] not shown that the issue sought to be precluded from relitigation is identical to the issue decided in the former proceeding, or that the issue was actually litigated in the former proceeding. [¶] . . . [¶] In addition, even if collateral estoppel applies, triable issues of fact exist relative to a determination of whether the facts litigated in [the hearing involving the Department] are the same as those litigated in the [hearing involving the Division]. This alone defeats summary adjudication."

The trial court rejected Happy Nails's collateral estoppel argument and determined there was substantial evidence in the administrative record to support the Division's findings that the cosmetologists working at Happy Nails salons are employees and not independent contractors. The court therefore denied Happy Nails's request for writ relief.

On appeal, we reversed. We found the Board's earlier decision did collaterally estop the Commissioner from attempting to classify Happy Nails workers as employees. We found the classification issue determined in the earlier Department proceeding was identical to the issue presented in the Commissioner's enforcement proceeding, that the issue was fully litigated, and that the Department and the Commissioner were in privity for purposes of their respective enforcement actions against Happy Nails. (*Happy Nails I*, *supra*, D060621.) We reversed, remanded and directed that the trial court consider

8

Happy Nails's remaining claims for violation of its right to due process and for injunctive relief; once the trial court determined those claims, we instructed the court to enter a judgment in Happy Nails's favor annulling the Commissioner's penalty assessment and providing Happy Nails with any additional relief it found appropriate.

2. Proceedings on Remand

On remand, Happy Nails filed a motion for attorney fees and for an injunction. Happy Nails argued that the attorney fees were recoverable under Title 42 United States Code section 1983 because in bringing the enforcement action against it, the Commissioner had violated its right to due process. The trial court found that the Commissioner had not violated Happy Nails's right to due process, and, therefore, there was no basis upon which to make an award of attorney fees; the trial court also found that Happy Nails was not entitled to any injunction preventing the Commissioner from attempting to reclassify its workers. Thereafter, as instructed, the trial court entered a judgment annulling the Commissioner's penalty assessment but denying Happy Nails any further relief.

Happy Nails filed a timely notice of appeal.

DISCUSSION

I

Due Process

In its principal argument on appeal, Happy Nails contends that in initiating a penalty assessment proceeding and imposing an assessment against it, notwithstanding

9

Happy Nails's successful defense of the Department's similar claim against it, the Commissioner violated Happy Nails's right to due process and gave rise to a claim against the Commissioner under Title 42 United States Code section 1983 (section 1983) and, in turn, the right to recover attorney fees under Title 42 United States Code section 1988 (section 1988). Like the trial court, we reject Happy Nails's section 1983 contentions.

Fundamentally, we find no cognizable due process claim here because, although the Commissioner's unwillingness to be bound by the result in the Department's earlier proceeding was erroneous, it was in no sense so arbitrary or capricious as to give rise to a constitutional claim. In order to establish that conduct by a governmental official has violated due process, more than a simple mistake or negligence must be shown. (See *Daniels v. Williams* (1985) 474 U.S. 327, 331-332; *Mobley v. Los Angeles Unified School District* (2001) 90 Cal.App.4th 1221, 1239.) In *Daniels v. Williams*, in rejecting a prisoner's claim that his right to due process was violated because he was injured because a prison employee negligently left a pillow on a stairway, where he slipped and fell, the court stated: "[T]he Due Process Clause, like its forebear in the Magna Carta [citation], was ' "intended to secure the individual from the arbitrary exercise of the powers of government," ' [Citations.] By requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property,' the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them,

10

[citation], it serves to prevent governmental power from being 'used for purposes of oppression,' [citation]. [¶] . . . Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." (*Daniels v. Williams*, *supra*, at pp. 331-332.)

The court in *Mobley v. Los Angeles Unified School District* took a somewhat more practical and less historical approach in rejecting a claim that individual employees of the Commissioner could be held liable under section 1983 because they erroneously initiated a prevailing wage claim against a contractor based on their view of what the contractor should have been paying his construction workers. The court stated: "The individual respondents were not violating appellant's civil rights by taking the position that his journeyman workers were plasterers and deserving of a higher wage any more than appellant was violating his workers' civil rights by taking the opposite position. All the allegations prove is that the parties disagreed about how to apply relevant law to known facts. *If honest disputes about legal and factual matters were all it took to support a section 1983 claim, we would be awash in them*." (*Mobley v. Los Angeles Unified School District*, *supra*, 90 Cal.App.4th at p. 1239, italics added.)

To the historical and practical considerations discussed in *Daniels v. Williams* and *Mobley v. Los Angeles Unified School District*, we would add an additional circumstance which we believe requires substantially more than the mere lack of success on the merits

11

as a condition of finding a due process violation in a regulatory proceeding and the consequent right to recover attorney fees from a regulator under section 1988. It is well established that we may not award attorney fees as a sanction for a frivolous appeal in the absence of a finding that a litigant acted either out of an improper motive or asserted a contention which no reasonable attorney would adopt. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650 (*Flaherty*).) In creating this relatively high bar for sanctions, the court in *Flaherty* stated: "[A]ny definition [of frivolous] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal." (*Id*. at p. 650.) While the Constitution may be violated with conduct that does not rise to the level of frivolousness set forth in *Flaherty*, nonetheless, a constitutional standard that provides attorney fees whenever a regulator is unsuccessful will have a chilling effect on regulatory activity that may be inconsistent with the overall public interest.

Here, at its core, Happy Nails's claim is based on no more than the Commissioner's erroneous unwillingness to accept that Happy Nails's classification of its workers as independent contractors was no long subject to dispute. However, the doctrine of collateral estoppel is somewhat elastic, and equitable considerations may justify a departure from its application. "[C]ollateral estoppel doctrine may bar relitigation of a particular issue, when there has been a prior adjudication of the issue in another action, but it is utilized more flexibly than is the doctrine of res judicata. It has

12

been said that collateral estoppel is based on equitable principles, and that the issue in question must have been sufficiently litigated in the prior forum to produce a firm and conclusive resolution." (*Nash v. Workers' Comp. Appeals Bd.* (1994) 24 Cal.App.4th 1793, 1812.) Given the inherent flexibility of the doctrine, the Commissioner's unsuccessful collateral estoppel contentions in no sense rose to the level of a constitutional violation. Hence, the trial court did not err in rejecting Happy Nails's due process claim and its request for attorney fees.[2]

## II

## Injunction

The trial court also properly rejected Happy Nails's request for a permanent injunction preventing the Commissioner from attempting to relitigate the classification of its workers. In response to Happy Nails's request for an injunction, the Commissioner's counsel stated that it has no intention to renew its unsuccessful claims against Happy Nails. Given the Commissioner's express acquiescence in our prior ruling, there is no basis upon which injunctive relief is available. (See *Scripps Health v. Martin* (1999) 72 Cal.App.4th 324, 332-333.)

---

[2]    Were Happy Nails seeking damages from the Commissioner, its claims would also be barred by her absolute and qualified immunity as a participant in judicial or quasi-judicial proceeding. (See *Mobley v. Los Angeles Unified School District*, *supra*, 90 Cal.App.4th at p. 1239.)

13

## DISPOSITION

The judgment is affirmed.  The Commissioner to recover its costs of appeal.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.